## Case No. 6,448.

### In re HEZEKIAH.

[2 Dill. 551; 11 N. B. R. 573; 22 Pittsb. Leg. J. 164.][1]

Circuit Court, E. D. Arkansas. 1873.

BANKRUPT ACT—EXEMPTED PROPERTY—CONSTITUTION OF ARKANSAS AS TO EXEMPTIONS, CONSTRUED.

1. The exemption of personal property of the value of $2,000 from judicial sale, by the constitution of Arkansas of 1868 (article 12, § 1) is self-executing, and its provisions are exclusive, and not cumulative.

[Cited in Re Handlin, Case No. 6,018.]

2. This provision of the constitution, construed, in connection with section 14 of the bankrupt act and its amendments (17 Stat. 334; Id. 577), and it was *held* that the bankrupt was limited to an exemption of property whose value in the aggregate did not exceed $2,000.

This is a petition, under the second section of the bankrupt act, to review and reverse an order of the district court, "that the bankrupt shall select as exempt such property as he may choose, not to exceed in the aggregate the sum of $2,000, out of any personal property belonging to his estate." The bankrupt excepted to so much of the order as limited his claim to exempted property to the sum of $2,000. The claim of the bankrupt, filed in the district court, was as follows:—

| | |
|---|---:|
| Under section 14 of the bankrupt act he claimed household furniture, &c. to the amount of.......................... | $ 287 |
| Under the state law, he claimed "tools belonging to his trade" of tinner...... | 100 |
| Wearing apparel...................... | 50 |
| Horse and wagon..................... | 125 |
| Hardware and tinner's stock, to be selected out of stock in trade.......... | 1,875 |
| Total claimed as exempted......... | $2,437 |

A statute in force at the time of the adoption of the present constitution of Arkansas reads as follows: "The following property, when owned by a married man, with a family, shall be exempted from execution: First, one horse, mule, or yoke of oxen, one cow and calf, one plow, one axe, one hoe, and one set of plow gears, if the person against whom any execution may be issued is a farmer; second, the spinning-wheels and cards, one loom and apparatus necessary for manufacturing cloth in a private family; third, all the spun yarn, thread, and cloth, manufactured for family use; fourth, any quantity of hemp, flax, cotton, and wool, not exceeding twenty-five pounds; fifth, all wearing apparel of the family, two beds, with the usual bedding and such other household and kitchen furniture as may be necessary for the family, agreeably to an inventory thereof, to be returned on oath, with the execution, by the officers whose duty it may be to levy the same; sixth, the necessary tools and implements of trade of any mechanic, while carry-

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission. 22 Pittsb. Leg. J. 164, contains only a partial report.]

ing on his trade; seventh, all arms and military equipments required by law to be kept; eighth, all such provisions as may be on hand for family use." Gould, Dig. c. 68, § 23. The constitution afterwards adopted, in 1868, provided that "the personal property of any resident of this state to the value of $2,000, to be selected by such resident, shall be exempted from sale on execution or other final process of any court, issued for the collection of any debt contracted after the adoption of this constitution." Const. Ark. art. 12, § 1. The same constitution also provides that "all laws of this state not in conflict with this constitution, shall remain in full force until otherwise provided by the general assembly, or until they expire by their own limitation." Id. art. 15, § 16. One question is, is the former law repealed by the provision of the constitution? Another question arises under section 14 of the bankrupt act and the amendments thereto. This section exempts "the necessary household and kitchen furniture," &c. not to exceed in value $500, wearing apparel, uniform, &c. property exempt by the laws of the United States from seizure under execution. And then follows this clause: "And such other property *not included in the foregoing exceptions* as is exempted from levy and sale upon execution or other process or order of any court by the laws of the state in which the bankrupt has his domicil at the time of the commencement of the proceedings in bankruptcy, to an amount not exceeding that allowed by such state exemption laws in force in the year 1864." Afterwards congress amended this by striking out "1864," and inserting "1871" in lieu thereof. Act June 8, 1872 (17 Stat. 334). Some controversy having arisen as to whether this provision applied to debts contracted prior to the time of the passage of the amendment, congress, on the 3d day of March, 1873, passed a declaratory act, as follows: "That it was the true intent and meaning of an act approved June 8, 1872, entitled 'An act,' &c. that the exemptions allowed the bankrupt by the said amendatory act should, and it is hereby enacted that they shall be, the amount allowed by the constitution and laws of each state, respectively, as existing in the year 1871, and that such exemptions be valid against debts contracted before the adoption and passage of such state constitution and laws, as well as those contracted after the same, and against him, by judgment or decree of any state court, any decision of any such court rendered since the adoption and passage of such constitution and laws notwithstanding." 17 Stat. 577.

Rose & Green, for bankrupt.

Benjamin & Barnes, for assignee.

DILLON, Circuit Judge. 1. I am of opinion that the exemption provided by the constitution (article 12, § 1) executes itself, and that such exemption is exclusive, and not

cumulative. The enlarged, and, as compared with the then existing statute provision, generous exemption given by the constitution in favor of any resident, without regard to his trade or condition or relations in life, with the privilege to him to select the property he desired to retain, seems to me to evince an intention to supersede the more narrow provisions which the statute had strictly limited, if not reluctantly given.

2. As all the property is personal, my opinion is, that the bankrupt is not entitled to claim, under the constitution of the state (article 12, § 1), $2,000 in addition to his household and kitchen furniture, &c. Household and kitchen furniture, &c. may be claimed as exempt under the bankrupt act (section 14), and this act then provides that there shall be exempt such other property not included in the foregoing exceptions, as is exempt by the laws of the state in which the bankrupt is domiciled. There cannot be a double exemption of the same property; and, as the $2,000 embraces all the property which is exempt by the state constitution, including household and kitchen furniture, wearing apparel, &c., the value of the latter, if selected by the bankrupt, ought, under the spirit if not the letter of section 14, to be deducted from the $2,000, and he be allowed to select other property, so as, in the aggregate, to amount to that sum. I reach this conclusion upon the language of section 14 and the amendment of June 8, 1872 (17 Stat. 334), without resting upon the act of March 3, 1873 (Id. 577), as having any controlling effect in this respect. Affirmed.